

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-25-00313-CV

---

El Paso Independent School District Administrative d/b/a El Paso Independent School District, Appellant

v.

John Thomas Solis, Appellee

---

On Appeal from the County Court at Law No 7
El Paso County, Texas
Trial Court No. 2025-DCV0887

---

## MEMORANDUM OPINION

Appellant El Paso Independent School District Administrative (EPISD) appeals the trial court's denial of its plea to the jurisdiction in a Whistleblower suit filed by Appellee John Thomas Solis. Finding no error, we affirm.

# I. Background[1]

## A. Solis's termination

Solis was a Sergeant of the EPISD Police Services. In January and February 2023, Solis investigated an incident in which another EPISD officer, Javier Moreno, hit a juvenile with his vehicle while trying to apprehend him. Solis alleges that Moreno's body camera video shows that he swerved his vehicle to intentionally hit the minor.

Solis made a complaint against Moreno to EPISD Police Services and, when no action was taken, to the District Attorney's Office. Solis says that, as a result of his reports, the Chief of EPISD Police, Manuel Chavira, retaliated against him. After a meeting with Chavira in July 2023, Solis emailed Chavira and stated Solis's belief that he was being "cut out of sharing department responsibility" because of the report he made against Moreno. Solis's email further outlined the Texas Whistleblower Act (TWA) provisions and case law and stated his position that the reduction in his responsibilities was an adverse employment action in violation of the TWA.

Nearly a year later, on June 21, 2024, Solis was arrested on charges of making a false report, tampering with government documents, official oppression, and improper influence. Three days later, he was notified that because of his arrest, he was being placed on leave without pay. Three days after that, Solis was terminated from his position.[2]

## B. Solis's grievance

EPISD policies allow employees to make complaints about employment decisions, including termination, through a three-level grievance and appeal process. For whistleblower

---

[1] Because there was no evidentiary hearing in this case below, the facts recited are taken from filed the pleadings and exhibits. While some of these facts may be disputed, our standard of review at this stage requires us to take all of nonmovant's (here, Solis's) evidence as true. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004).

[2] Although the letter was dated June 27, 2024, it was given to Solis on July 10, 2024.

complaints, the policy states that the grievance "may be made to the Superintendent or designee beginning at Level Two." If the complaint is unresolved after Level Two of the grievance process, "the Superintendent's designee shall ensure that the matter reaches the Board expeditiously."

On July 17, 2024, Solis submitted a level one grievance of his termination. His grievance stated that he "vehemently denies the allegations" and "did not violate EPISD Board Policies . . . or any other EPISD regulations." When that grievance was denied, he appealed the grievance to level two. Solis's attorney requested a postponement of the level two hearing because he had not received requested documents regarding the report that Solis made against Moreno. EPISD's attorney argued that Solis's report was irrelevant, and the hearing proceeded. While a transcript of the hearing is not included in the record, EPISD's level two response summarized Solis's arguments as follows:

> The Chief started harassing you as soon as you reported Officer Moreno to the District Attorney's office (for striking a minor with his car and then lying about it);

> You stood up to the Chief about Officer Moreno, yet the Chief said he would not discipline Officer Moreno and had been harassing you ever since, in retaliation for your complaints about that;

> You complained about the Chief's incompetence;

> The Chief and the District's General Counsel hired former Judge Kitty Schild to conduct a bogus investigation to cover up the fact that the District wanted you gone because you allegedly reported a crime;

> The Chief, former Judge Schild, and the District's General Counsel conspired to have former Judge Schild interrogate you for 11 hours on your complaint; and

> The District was now using the arrest as pretext for its retaliatory motive to fire you.

Solis's level two grievance was denied, and he proceeded to the third level of the grievance process.

At the level three hearing, Solis's attorney argued:

3

[Solis's] duties as a peace officer in the State of Texas require him to report that a crime to the—through the proper channels to the district attorney's office. That decision, what he found, the crime that he believed another officer committed was hitting a juvenile with a vehicle on purpose. You don't have that video because it is being hidden. It was not released to us, it has been sent to the DA's office as part of the evidence in this case, but you haven't seen it and we don't get to see it. Sergeant Solis [did] his job, because he was essentially a Whistleblower but we're not claiming Whistleblower status, because he told the DA's office and reported to the DA's office that another officer committed a crime he is being made an example of by the chief of police [to] try and protect the police department of EPISD.

EPISD's plea to the jurisdiction evidence contained only a partial transcript of the level three hearing; the remainder of Solis's argument and approximately seven pages of the hearing transcript are not included in the evidence that EPISD submitted to the trial court.

### C. Whistleblower suit

On February 25, 2025, and after exhausting the administrative grievance procedure, Solis filed the underlying lawsuit alleging that he was wrongfully terminated in violation of the TWA. EPISD filed a plea to the jurisdiction in which it alleged that Solis failed to timely initiate EPISD's grievance or appeal procedure with respect to his whistleblower claims. Solis responded that EPISD's challenge is properly brought as an affirmative defense and that he did satisfy the requirement of initiating a grievance. After a non-evidentiary hearing, the trial court denied EPISD's plea to the jurisdiction. The trial court did not state its reasons for the denial, and findings of fact and conclusions of law were not requested or filed.

EPISD filed this interlocutory appeal. Tex. Civ. Prac. & Rem. Code § 51.014(a)(8) (permitting interlocutory appeals of orders granting or denying pleas to the jurisdiction by governmental units, including school districts). It argues that Solis did not timely submit a grievance based on the whistleblower claims he asserts in this case (issues one and two) and that

4

his failure deprived the trial court of jurisdiction (issue three). Because the three issues are interconnected, we group them together as one issue.

## II. APPLICABLE LAW AND STANDARD OF REVIEW

"The Whistleblower Act is a broad remedial measure intended to encourage disclosure of governmental malfeasance and corruption." *City of Waco v. Lopez*, 259 S.W.3d 147, 154 (Tex. 2008). It prohibits governmental entities from taking adverse employment action against an employee as retaliation for that employee's good faith report of a violation of the law by the governmental employer or another public employee. Tex. Gov't Code § 554.002. The Act waives governmental immunity from suit for such claims. *Id*. § 554.0035. Before filing suit, "[t]he employee must invoke the applicable grievance or appeal procedures not later than the 90th day after the date on which the alleged violation . . . occurred" or was discovered. *Id*. § 554.006(a), (b).

A plea to the jurisdiction can challenge the sufficiency of the pleadings or the existence of jurisdictional facts. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex.2004). The central issue in this case is whether Solis satisfied the pre-suit requirement of "initiat[ing] action under the grievance or appeal procedures" before filing suit. Tex. Gov't. Code § 554.006(a). Solis pleaded that he did and EPISD does not contest the sufficiency of the pleadings. Instead, EPISD challenges whether the grievance that Solis filed met the statutory prerequisite for filing suit.

When a plea to the jurisdiction challenges the existence of jurisdictional facts, as it does in this case, our review is the same as that of a traditional motion for summary judgment. *Miranda*, 133 S.W.3d at 227. The governmental entity, like a movant for traditional summary judgment, has the burden of presenting evidence negating the alleged jurisdictional facts. *Alamo Heights Indep.*

*Sch. Dist. v. Clark*, 544 S.W.3d 755, 805 (Tex. 2018). "If the government's evidence demonstrates that the allegations are not true, the burden shifts back to the plaintiff to offer evidence disputing the government's evidence." *Id.* "Evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of the parties' evidence." *City of Fort Worth v. Burke*, 700 S.W.3d 819, 827 (Tex. App.—Dallas 2023, pet. denied). "If the evidence raises a fact question on jurisdiction, the trial court cannot grant the plea, and the issue must be resolved by the trier of fact." *Ward v. Lamar Univ.*, 484 S.W.3d 440, 446 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (citing *Miranda*, 133 S.W.3d at 228).

We review a trial court's denial of a plea to the jurisdiction de novo. *State Dep't of Highways & Pub. Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002). In reviewing the evidence, we view the evidence in the light most favorable to the plaintiff and resolve any doubts in his favor. *Alamo Heights*, 544 S.W.3d, 771; *Herrera v. Dallas Indep. Sch. Dist.*, 609 S.W.3d 579, 585 (Tex. App.—Dallas 2020, pet. denied).

## III. ANALYSIS

### A. Grievance is a jurisdictional pre-requisite to suit

In its plea to the jurisdiction, EPISD argued that Solis failed to file a grievance "within 90 days or at anytime" because the grievance he did file did not raise his whistleblower complaint. In his response to the plea to the jurisdiction, Solis argues that EPISD's limitations argument "is an affirmative defense that cannot be the basis for sustaining a plea [to the jurisdiction]."[3]

"Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity." Tex. Gov't Code § 311.034. The failure to

---

[3] Solis makes a slightly different argument on appeal. He argues that technical non-compliance with grievance procedures is not jurisdictional but must be raised by an affirmative defense. However, because we ultimately hold that Solis complied with the grievance requirements, we do not reach the effect of technical noncompliance on the court's jurisdiction.

comply with the pre-suit requirements deprives a court of subject matter jurisdiction over the claim. *City of Madisonville v. Sims*, 620 S.W.3d 375, 379 (Tex. 2020). In Whistleblower cases, the statutory prerequisite that is necessary for a court to have subject matter jurisdiction is the initiation of administrative grievance or appeal procedures within 90 days of the retaliatory action or the discovery of the action. Tex. Gov't Code § 554.006(a), (b); *Med. Arts Hosp. v. Robison*, 216 S.W.3d 38, 41 (Tex. App.—Eastland 2006, no pet.); *Fort Bend Indep. Sch. Dist. v. Gayle*, 371 S.W.3d 391, 395–96 (Tex. App.—Houston [1st Dist.] 2012, pet. denied); *Herrera*, 609 S.W.3d at 586.

### B. Compliance with grievance requirement

Solis initiated the grievance process within 90 days of his termination. Nonetheless, EPISD contends that Solis's grievance did not satisfy the jurisdictional prerequisite because it did not notify EPISD of his whistleblower claims.

### (1) Notice requirement

By requiring the initiation of the grievance procedure, "[t]he legislature intended that the governmental entity . . .be given an opportunity to correct its mistakes by resolving claims before the expense and effort of litigation ensue." *Tarrant Cnty. v. McQuary*, 310 S.W.3d 170, 178–79 (Tex. App.—Fort Worth 2010, pet. denied); *City of Fort Worth v. Shilling*, 266 S.W.3d 97, 102 (Tex. App.—Fort Worth 2008, pet. denied); *Gregg County v. Farrar*, 933 S.W.2d 769, 775 (Tex. App.—Austin 1996, writ denied). In order to have an opportunity to resolve an employee's claims, the grievance must notify the governmental entity what decision the employee is protesting and the reasons for the grievance. *Montgomery Cnty. Hosp. Dist. v. Smith*, 181 S.W.3d 844, 850 (Tex. App.—Beaumont 2005, no pet.). Consequently, the claimant must not only initiate the grievance or appeal procedure, he must make his employer aware of the whistleblower nature of his claim in the process; a court does not have jurisdiction over a whistleblower claim if those

claims are not also the basis of the employee's grievance. *See, e.g., Robison*, 216 S.W.3d at 43–44 (holding that the trial court did not have jurisdiction because employee's complaint to employer that she did not believe her position should be eliminated and her suggestion of a way to deal with the budget cut "would not have provided any reasonable employer with notice that a potential whistleblower claim existed."); *McQuary*, 310 S.W.3d at 179–180 (employer did not have notice of whistleblower claim because only complaint made by the employee was that she had not received any evaluations and was told to disregard her job description); *Smith*, 181 S.W.3d at 846 (court did not have jurisdiction over whistleblower claims because employee's email to CEO only asked that he reconsider the amount of the severance offered for the release of her claims).

### (2) Solis provided notice

EPISD argues that Solis did not provide notice that he was asserting Whistleblower claims, pointing to statements made during his level one and three grievances.

In his level one complaint, Solis broadly asserted that he was wrongly terminated and had not committed the acts he was accused of or violated EPISD policies or regulations. EPISD argues that Solis failed to give notice of his claims in this suit because "the Level I Grievance was utterly devoid of any allegation pertaining to making a report of a violation of law or whistleblower retaliation." However, pursuant to EPISD's policy, a dismissed employee may appeal his dismissal, beginning at level one with a submission of the complaint form to the employee's immediate supervisor. That's what Solis did. Solis appealed his dismissal and denied the allegations against him. For whistleblower complaints, the employee can skip level one. Those complaints "may be made to the Superintendent or designee beginning at Level Two." Solis did, in fact, make whistleblower complaints during his level two hearing.

8

At the level two hearing, which EPISD does not address in its brief, Solis's primary argument was his whistleblower claim. EPISD's own summary of that hearing recounts that Solis argued that he was terminated in retaliation for reporting that Moreno, another public employee, violated the law. According to the summary, Solis claimed that Chavira "started harassing [him] as soon as [he] reported Officer Moreno to the District Attorney's office (for striking a minor with a car and then lying about it)" and that Chavira had been "harassing [him] ever since, in retaliation for [Solis's] complaints." Solis also argued that "[t]he District was now using the arrest as a pretext for its retaliatory motive to fire [him]."[4] EPISD recognized the whistleblower nature of the claims Solis made at the level two hearing but argued that Solis could not make a whistleblower claim at that stage because he did not raise it in his level one complaint.[5]

Finally, EPISD contends that Solis "expressly disclaimed" his whistleblower complaint when his attorney stated in the level three hearing, "we are not claiming Whistleblower status". This statement came after the attorney explained that Solis's duties as a peace officer require him to report crimes through proper channels. The context of his statement seems to be that Solis's report against Moreno could be viewed not as whistleblowing, but as simply doing his job. Moreover, the statement was not as unequivocal as EPISD represents. The attorney's very next statement was that "because [Solis] told the DA's office and reported to the DA's office that another officer committed a crime, he is being made an example of by the chief of police to try and protect

---

[4] In fact, before the level two hearing, Solis requested documents about his report against Moreno, and he requested that the hearing be postponed until he received them. EPISD argued that the documents "were not relevant to the reasons indicated as the basis for [Solis's] termination."

[5] In the trial court, EPISD took a different position. Instead of arguing that Solis was required to raise his whistleblower claims at the first stage of the grievance process, it argued that Solis did not make a valid whistleblower complaint *because* he filed a level one complaint. But the grievance policies only state that whistleblower complaints "*may* be made to the Superintendent or designee beginning at Level Two." It does not *require* that the level one grievance be bypassed altogether.

9

the police department of EPISD."[6] These allegations describe a whistleblower claim exactly as defined by the TWA: that Solis suffered "adverse personnel action" because he "in good faith report[ed] a violation of law by . . . another public employee." Tex. Gov't Code 554.002(a).

EPISD failed to meet its burden of establishing as a matter of law that it had no notice of Solis's whistleblower claims. Solis's arguments at the level two and three hearings present, at a minimum, a fact issue about whether EPISD had notice of Solis's whistleblower claims. *Ward*, 484 S.W.3d at 448 (employee's testimony that she sent a letter to the Chancellor requesting that he intervene in retaliation against her and that she received a call in response was "some evidence that appellees had fair notice"). As explained above, the trial court cannot grant a plea to the jurisdiction when there is an issue of fact.

We hold that the evidence presents a fact issue exists about whether Solis fulfilled the jurisdictional prerequisite to filing suit by timely initiating the grievance process and, as part of that process, notifying EPISD of his whistleblower claims. EPISD's three issues are overruled.

## IV. CONCLUSION

EPISD did not meet its burden of conclusively negating Solis's alleged jurisdictional facts that he initiated an administrative grievance regarding his whistleblower complaints before filing suit. We affirm the trial court's denial of EPISD's plea to the jurisdiction.

---

[6] Because EPISD's plea to the jurisdiction evidence did not include the remainder of the transcript of the level three hearing, we do not know if Solis's position was clarified.

MARIA SALAS MENDOZA, Chief Justice

July 23, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.